Opinion of the court delivered by
Judge Catron.
The act of 1806, ch. 49 sec. 3 provides, “that any deed of conveyance made or executed hereafter, the execution of which is established by the acknowledgment of the party executing the same, shall take effect only from the date of such acknowledgment, for the purpose of admission to registration.
It is contended for the defendant in error, that the words, for the purpose of admission to registration,” refer to previous statutes, requiring the registration of deeds, and was intended for the benefic of purchasers and creditors alone. This is not by any means thought to be the meaning of the words. The latter clause was very necessary to explain the manner in which the acknowledgment should be made to give effect to the deed, and to be equal to the proof of two witnesses in a court of record. The previous acts of Assembly, had pointed out the mode in which a deed should be acknowledged for the purpose *93 of authorizing the same to be put upon the records of the country, and after which, no further proof of the execution thereof was ever to be required. This was the description of acknowledgment contemplated by the legislature, to wit: it was to be done “for the purpose of having the deed admitted to registration,” and if not formally done to authorize this, both the deed and the registration are ineffectual to communicate any legal estate to the grantee. The grantee in this cause had no legal estate until the deed was registered, and the deed then related only to the date of the acknowlegment in the Davidson county court. The statute of 1806, has no exceptions, and this court has no power to make any; nor is it believed any subsequent act of Assembly has in any respect affected the provisions of the act of 1806. Furthermore, this question came directly before the court at Rogersville, in the cause of Johnson’s lessee vs. -, in which it was decided, that the act of 1806, was intended to apply to all cases whatever, and that no subsequent statute, in any wise affected the construction. Judge Peck, then at the bar, was of counsel for the lessor of the plaintiffs, and contended that the act of 1806, only applied to cases where creditors and purchasers were concerned. The case, although not reported, is perfectly within the recollection of judges Whyte and Peck, and has settled the construction of the statute.
Jones, for plaintiff in error.
O. B. Hayes, Crabb, and Bell, for deft, in error.
The same point is also decided in the case of Garner’s lessee vs. Johnson, Peck’s Rep. 25, by the circuit court, and treated as law by the supreme court.
We therefore think this judgment ought to be remanded for another trial, for the reason, that the lessor of the plaintiff did not show any title to the land at the commencement of the suit; and so the court below ought to have instructed thejury.
Judgment reversed.